UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DENISE ANDERSON** and
**RICHARD GILVEAR**,

    Plaintiffs,

v.                                                                                                                                  Case No. 8:23-cv-02366-WFJ-TGW

**GOODLEAP, LLC,** and
**GREEN HOUSE SOLAR AND AIR, INC.**,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Defendant Green House Solar and Air, Inc.'s ("Green House") Motion to Dismiss Amended Complaint (Dkt. 27) and Plaintiff Denise Anderson's Response (Dkt. 28). Upon careful consideration, the Court stays Ms. Anderson's claims against Green House pending the outcome of arbitration concerning the other claims in this case.

## BACKGROUND

The factual background of this matter is recounted more fully in the Court's order entered on December 12, 2023 (Dkt. 23). Plaintiffs Denise Anderson and Richard Gilvear lived together in a home owned by Ms. Anderson. Dkt. 24 ¶ 8; Dkt. 1-1 ¶¶ 1–2. Defendants solicited Mr. Gilvear to purchase home solar panels. Dkt. 24

¶¶ 9–10. Mr. Gilvear signed contracts with Defendants for the financing and installation of the solar panels. *Id.* ¶¶ 3–4, 8.

Plaintiffs were dissatisfied with the solar panels and filed suit, alleging various claims relating to the sale, financing, and installation. *See generally id.* Goodleap filed a Motion to Compel Arbitration as to both Plaintiffs, and Good House filed a Motion to Compel as to Mr. Gilvear (the contract signatory) and a Motion to Dismiss as to Ms. Anderson (a non-signatory). Dkts. 15, 17. The Court compelled both Plaintiffs to arbitrate their claims against Goodleap and compelled Mr. Gilvear to arbitrate his claims against Green House. Dkt. 23 at 16. As between Ms. Anderson and Green House, the Court dismissed the Complaint as an impermissible shotgun pleading. *Id.*

Ms. Anderson filed an Amended Complaint, Green House filed a Motion to Dismiss, and Ms. Anderson submitted a Response. Having review the Amended Complaint, the Court exercises its discretion to stay Ms. Anderson's claims against Green House pending the outcome of the arbitrable claims in this case.

## ANALYSIS

While a district court must stay all arbitrable claims that are subject to a valid arbitration agreement, the court has discretion as to nonarbitrable matters. *Klay v. All Defendants*, 389 F.3d 1191, 1203–4 (11th Cir. 2004). There is a heavy presumption in favor of proceeding with nonarbitrable claims when feasible. *Id.*

2

Still, district courts will generally stay nonarbitrable claims if "arbitrable claims predominate" or if "the outcome of the nonarbitrable claims will depend upon the arbitrator's decision." *Id.* Other factors to consider include "the expense and inconvenience of parallel litigation, the possibility of inconsistent determinations, and whether arbitrable and non-arbitrable claims arise out of the same set of facts." *Axa Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1330, 1348 (S.D. Fla. 2009) (citation omitted).

In the instant case, the arbitrable and nonarbitrable claims are parallel. Because the claims share underlying facts and legal issues, proceeding concurrently with litigation and arbitration could result in inconsistent determinations. The appropriate course of action is to stay Ms. Anderson's nonarbitrable claims against Green House until the arbitrable claims have been adjudicated.

## CONCLUSION

The Court **DENIES** the Motion to Dismiss (Dkt. 27) without prejudice and stays proceedings related to the Amended Complaint pending the outcome of arbitration. Defendant Green House may refile its Motion once the case is reopened. **DONE AND ORDERED** at Tampa, Florida, on March 13, 2024.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

4